IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES ZANDER,<br><br>Defendant. | CR 13–81–GF–DLC<br><br>ORDER |

FILED
NOV 1 8 2013
Clerk, U.S. District Court
District Of Montana
Missoula

Before the Court is Defendant's motion to proceed pro se. On November 14, 2013, the Court conducted a *Faretta* hearing in order to assess whether Defendant's decision to represent himself in this felony criminal matter is entered into knowingly, intelligently, and voluntarily. *See Faretta v. California*, 422 U.S. 806 (1975). The Court will allow Defendant to proceed pro se.

Defendant, Dr. James Zander, is a retired dentist who has both undergraduate and advanced degrees. Dr. Zander has represented himself in other legal matters. He has access to, and the ability to conduct, legal research. Indeed, Dr. Zander has submitted a brief to the Court with accurate citations to the law. Dr. Zander stated that he is familiarizing himself with the federal rules of civil and criminal procedure. He has also downloaded a copy of, and begun reading, the

Court's local rules.

At the *Faretta* hearing, the Court repeatedly warned Dr. Zander of the disadvantages of representing himself in this felony criminal matter. The Court advised Dr. Zander that in representing himself he would be required to comply with all local and federal rules of procedure, and of the grave consequences of failing to comply with those rules. In addition, the Court advised Dr. Zander that the Federal Rules of Evidence will apply. The Court advised Dr. Zander of the charges against him and the potential penalties he faces on each count if convicted. The Court advised Dr. Zander of his constitutional right to an attorney, as well as his constitutional right to represent himself.

The Court inquired into Dr. Zander's mental health and whether or not he was taking any medication or other drug that would affect his ability to make a knowing and intelligent decision. Dr. Zander denied that he had any mental health issues and denied that he was under the influence of any substance.

At multiple points throughout the hearing, Dr. Zander confirmed that he understood everything that the Court was explaining to him. Also, at multiple points throughout the hearing, Dr. Zander repeatedly and affirmatively stated that he wished to waive his right to an attorney and that he was knowingly, voluntarily, and intelligently, waiving that right. Dr. Zander repeatedly stated that he desired

to represent himself in this felony criminal proceeding, and that this decision was made unequivocally, freely, knowingly, and intelligently.

In light of the standards set forth in United States Supreme Court case law and Ninth Circuit case law, *See e.g. Faretta*, 422 U.S. 806; *United States v. Erskine*, 355 F.3d 1161 (9th Cir. 2004); *United States v. Hantzis*, 625 F.3d 575 (9th Cir. 2010); *United States v. Shaff*, 948 F.2d 501, 503 (9th Cir. 1991), the Court finds that Defendant has knowingly, intelligently, and voluntarily waived his right to counsel. Defendant has been made aware of the dangers of self-representation and he makes his decision to represent himself being fully apprised of the dangers and disadvantages of self-representation. *Faretta*, 422 U.S. at 835. Furthermore, Defendant understands the nature of the charges against him and the possible penalties, including the maximum possible penalty for each charge. *See Erskine*, 355 F.3d at 1169-1172. Finally, Defendant's motion to proceed pro se is timely. *United States v. Schaff*, 948 F.2d, 501, 503 (9th Cir. 1991).

Notwithstanding Defendant's knowing, intelligent, and voluntary waiver of the right to counsel, and his clear determination to represent himself in this felony criminal matter even with full understanding of the disadvantages of this decision, the Court finds that it is appropriate to appoint stand-by counsel. This stand-by counsel will not be Defendant's attorney. Instead, the stand-by counsel will only

take over the defense if Dr. Zander "demonstrates an inability or unwillingness to abide by rules of procedure and courtroom protocol." *Peters v. Gunn*, 33 F.3d 1190, 1192 (9th Cir. 1994).

Accordingly, IT IS ORDERED that Defendant's motion to proceed pro se (Doc. 11) is GRANTED.

IT IS FURTHER ORDERED that R. Henry Branom serve as Dr. Zander's stand-by counsel.

DATED this 18th day of November, 2013.

Dana L. Christensen, Chief Judge
United States District Court.