**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 14 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> JAMES ZANDER, <br><br> Defendant - Appellant. | No. 14-30178 <br><br> D.C. No. 4:13-cr-00081-BMM-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted December 9, 2015[**]
Seattle, Washington

Before: HAWKINS, McKEOWN, and TALLMAN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellant James Zander ("Zander") was sentenced to forty months in prison and two years of supervised release following his guilty plea to a single count of tax evasion. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

Zander is a retired dentist who concluded he was not obligated to pay federal income taxes. From 2001 to 2009, he filed returns listing zero income, or filed no returns at all.

The Pre-Sentence Report ("PSR") concluded Zander owed over $1 million in unpaid taxes, producing a baseline offense level of 22 under the 2013 Sentencing Guidelines. U.S.S.G. §§ 2T1.1, 2T4.1(I). It added two points for "sophisticated means" and subtracted three for acceptance of responsibility, to reach an offense level

---

[1] Zander also lodges two requests for judicial notice on appeal. Federal Rule of Evidence 201(b) affords courts discretion to judicially notice facts "not subject to reasonable dispute" either because they are "generally known within the trial court's territorial jurisdiction," or can easily be determined "from sources whose accuracy cannot reasonably be questioned." He first requests judicial notice of a 2001 Tax Rate Schedule form including his annotated calculations for that year, and an article by the American Institute of Certified Public Accountants on "Determining the Taxability of S Corporation Distributions: Part 1." Because Zander's own annotations and the contents of the article concern factual issues not generally known in the District of Montana and whose accuracy may reasonably be questioned, this request is denied. While the 2001 IRS instructions for Schedules K-1 and E underlying Zander's second request are appropriate for judicial notice, they are not relevant to his appeal because the deductions he claims they support were not raised below. We thus decline to take judicial notice of any of these items. A decision to the contrary would not, in any event, affect the outcome of this disposition.

of 21. With no prior criminal history points, the PSR computed a guideline sentence range of 37-46 months.

At sentencing, Zander argued evidence from the Internal Revenue Service ("IRS") was unreliable. The district court offered Zander at least two opportunities to put forth evidence or authority showing the government's calculations were wrong. He declined. The district court then concluded the government had adequately demonstrated tax losses exceeding $1 million and accordingly imposed a forty-month sentence.

Zander argues the evidence was insufficiently reliable. A district court's factual findings are reviewed for clear error. *United States v. Henderson*, 649 F.3d 955, 958 (9th Cir. 2011). First, its reliance on computer-generated official IRS reports was not misplaced. *See Hughes v. United States*, 953 F.2d 531, 539-40 (9th Cir. 1992). The district court also heard testimony from IRS agents on the inputs to the agency's computer program and reviewed numerous documents, including Zander's tax forms, bank statements, issued checks, and investment and purchase proofs, for the years at issue. There was no clear error in relying on such evidence.

Zander's second set of arguments, specific objections to the district court's calculations, are raised for the first time on appeal. Zander did not present evidence of unclaimed benefits or exemptions, his filing status, or accounting methods for S

3

corporations, to the district court. Any notion that Zander may claim charitable deductions for checks issued to him by his corporate entities was properly rejected below, as Zander admitted he used these funds for personal expenses. Contentions raised for the first time on appeal are reviewed for plain error. *United States v. Jackson*, 697 F.3d 1141, 1144-45 (9th Cir. 2012). There was no plain error in the district court's tax loss analysis.

Nor did the district court err, under either a de novo or abuse of discretion review, in applying an enhancement for sophisticated means. *See United States v. Hornbuckle*, 784 F.3d 549, 553 (9th Cir. 2015). "Sophisticated means" include "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense. Conduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts ordinarily indicates sophisticated means." U.S.S.G. § 2T1.1(b)(2), Application Note 5. Zander engaged in precisely such behavior, forming at least four shell corporations to receive "donated" income on which he declined to pay taxes, used these entities as asset holders, and claimed their checks to him were charitable donations.

**AFFIRMED**